UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-22698-XXXX

DEBORAH HAWKINS,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### Preliminary Allegations

1. Plaintiff, DEBORAH HAWKINS ("Plaintiff"), is a citizen of South Carolina.

2. Defendant, NCL (BAHAMAS) LTD., a Bermuda Company ("NCL"), is an entity incorporated under the laws of Bermuda and having its principal place of business in Miami, Florida.

3. This matter in controversy exceeds, exclusive of interest and costs, the sum specific by 28 U.S.C. § 1332. In the event diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or

*Deborah Hawkins v. NCL (Bahamas) Ltd.*
*Complaint and Demand for Jury Trial*

48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The Defendant was engaged in the business of providing to the public, including the Plaintiff in particular, for compensation, vacation cruises aboard the M/V *Pride of America*.

5. Defendant NCL is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant NCL owned, operated, managed, maintained and/or controlled the M/V *Pride of America.*

8. At all times material hereto, Defendant had exclusive custody and control of the M/V *Pride of America*.

9. On or about October 20, 2013, Plaintiff was a paying passenger aboard the M/V *Pride of America*, which was in navigable waters.

10. On or about October 20, 2013, while vacationing aboard the M/V *Pride of America,* Plaintiff tripped and fell over a raised threshold of the vessel.

11. At all times material hereto, the raised thresholds located aboard the NCL's M/V *Pride of America* are maintained aboard the vessel for purposes of, but not limited to, keeping the interior of a ship watertight. Thus, the hazardous condition(s) posed by the raised threshold of the M/V *Pride of America* is a unique maritime peril.

12. As a result of Defendant NCL's negligence, Plaintiff was suffered serious permanent injuries.

*Deborah Hawkins v. NCL (Bahamas) Ltd.*
*Complaint and Demand for Jury Trial*

## **COUNT I – NEGLIGENCE AGAINST**
## **NCL (BAHAMAS) LTD.**

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. It was the duty of Defendant NCL to provide its cruise ship passengers, including the Plaintiff, with an increased amount of care and precaution is reasonable. A heightened degree of care is required here because the condition leading to Plaintiff's claim is one that is unique to the maritime context. *See Catalina Cruises v. Luna,* 137 F.3d 1422, 1425–26 (9th Cir.1998) (concluding that "where the risk is great because of high seas, an increased amount of care and precaution is reasonable"); *Kearns v. Celebrity Cruises, Inc.,* 1997 WL 729108, *2 (S.D.N.Y.1997) (holding that "given the rough weather attending plaintiff's injury, [the defendant cruiseline] owed an enhanced duty of care to its passengers"). Here, the raised thresholds located aboard the NCL's M/V *Pride of America* are maintained aboard the vessel for purposes of, but not limited to, keeping the interior of a ship watertight. Thus, the hazardous condition(s) posed by the raised threshold is a unique maritime peril which enhances NCL's duty of care to its passengers, including the Plaintiff. In the alternative, if the hazardous condition(s) posed by the raised threshold as alleged herein is not found to be a unique maritime peril, then Defendant NCL owed a duty to provide Plaintiff with reasonable care under the circumstances.

14. Additionally, where the condition leading to the plaintiff's claim is one that is commonly encountered and not unique to the maritime context, a carrier must have "'actual or constructive notice of the risk-creating condition' before it can be held liable." *Id.* at 953, *citing Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989). Thus, here NCL does not need to have actual or constructive notice of the risk-creating condition before it can be held liable.

15. On or about October 20, 2013, Defendant NCL and/or its agents, servants, and/or

*Deborah Hawkins v. NCL (Bahamas) Ltd.*
*Complaint and Demand for Jury Trial*

employees breached its duty to provide Plaintiff with an enhanced duty of reasonable care under the circumstances.

16. Plaintiff was injured due to the fault and/or negligence of Defendant NCL, and/or its agents, servants, and/or employees as follows:

a. Failure to provide its cruise ship passengers, including Plaintiff, with a walking area free of tripping hazards;

b. Failure to maintain a reasonably safe walking area where Plaintiff tripped and fell;

c. Failure to identify the tripping hazard(s) which caused Plaintiff to trip and fall;

d. Creating the tripping hazard(s) which caused Plaintiff to trip and fall;

e. Failure to highlight and/or mark the tripping hazard(s) which caused Plaintiff to trip and fall;

f. Failure to adequately highlight and/or mark the tripping hazard(s) which caused Plaintiff to trip and fall;

g. Failure to provide lighting in the area where the Plaintiff's incident occurred;

h. Providing inadequate lighting in the area where the Plaintiff's incident occurred;

i. Failure to warn and/or adequately warn the Plaintiff of the tripping hazard(s) posed to her;

j. Failure to maintain the area, where Plaintiff suffered her incident, in a reasonably safe condition;

k. Failure to correct the hazard(s) which caused Plaintiff to suffer her incident;

l. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her incident;

m. Failure to promulgate policies and procedures to ensure the safety of its cruise ship passengers, including the Plaintiff;

*Deborah Hawkins v. NCL (Bahamas) Ltd.*
*Complaint and Demand for Jury Trial*

n.      Failure to enforce and/or comply with its policies and procedures to ensure the safety of its cruise ship passengers, including the Plaintiff;

o.      Failure to enforce and/or comply with its policies and procedures so as to protect its cruise ship passengers, including the Plaintiff, from hazardous and/or dangerous conditions posed by the raised thresholds; Failure to promulgate policies and procedures so as to protect its cruise ship passengers, including the Plaintiff, from hazardous and/or dangerous conditions posed by the raised thresholds;

p.      Failure to ascertain the cause of prior similar incidents happening on Defendant NCL's vessels, *fleetwide*, so as to take adequate measures to prevent their reoccurrence, and more particularl Plaintiff's incident.

All of which caused and/or contributed to the Plaintiff becoming injured when she tripped and fell while walking aboard the M/V *Pride of America*.

17. At all material times hereto, Defendant NCL had exclusive custody and/or control of the M/V *Pride of America*.

18. At all times material, NCL violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

19. At all times material, NCL failed to have an adequate Safety Management System Manual aboard the M/V *Pride of America*, and/or failed to properly implement the Safety Management System Manual aboard the M/V *Pride of America*.

20. As a result, all of the above caused and/or contributed to the Plaintiff being injured when she suffered a slip and fall accident while onboard the M/V *Pride of America*.

*Deborah Hawkins v. NCL (Bahamas) Ltd.*
*Complaint and Demand for Jury Trial*

21. Defendant NCL knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that NCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

22. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them. Plaintiff knew that multiple elderly and handicapped persons were aboard the vessel, yet Plaintiff failed to fix and make safe a doorway that posed a threat to such persons. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual (SQM) and/or failed to follower their SQM manual.  All the above caused the Plaintiff to be injured.

23. As a result of the negligence of Defendant NCL, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care.  The Plaintiff also lost earnings and lost earning capacity both past and future as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs.  Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

[*blank space intentionally omitted*]

*Deborah Hawkins v. NCL (Bahamas) Ltd.*
*Complaint and Demand for Jury Trial*

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

**Dated: July 18, 2014.**

          *Respectfully submitted,*

          LIPCON, MARGULIES,
          ALSINA & WINKLEMAN, P.A.
          *Attorneys for Plaintiff*
          One Biscayne Tower, Suite 1776
          2 S. Biscayne Boulevard
          Miami, Florida 33131
          Tel.: (305) 373-3016
          Fax: (305) 373-6204

By:  */s/* David A. Villarreal
      **DAVID A. VILLARREAL**
      Florida Bar No. 100069
      **MICHAEL A. WINKLEMAN**
      Florida Bar No. 36719

7
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.